UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RYAN EINHIPLE,

                          Plaintiff,

v.                                                    Civil Action No. _____

ATLANTIC RECOVERY SOLUTIONS, LLC,
and BRIGHTWATER CAPITAL, LLC,

                          Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Ryan Einhiple, is a natural person residing in the County of Genesee and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Atlantic Recovery Solutions, LLC., (hereinafter "ARS") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant, Brightwater Capital, LLC, (hereinafter "Brightwater") is a foreign limited liability company organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendants regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendants" herein shall mean the Defendants or an employee of the Defendants.

10. That at all relevant time herein, ARS acted as agent-in-fact for Brightwater, and acted within the scope of their agency.

### IV. FACTUAL ALLEGATIONS

1. That Plaintiff underwent Dental work with Aspen Dental, and incurred a debt with Aspen financial for the services. This debt will be referred to as "the subject debt."

2. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

3. That Plaintiff thereafter allegedly defaulted on the subject debt.

4. That upon information and belief, sometime after the alleged default, Defendant Brightwater acquired the subject debt.

5. That Defendant Brightwater thereafter employed Insight Management Partners, LLC ("Insight") to collect the subject debt under account number 768600100294839 in the amount of $1,363.22.

6. That on April 22, 2020, Insight offered to settle the subject debt for $300.00, and that Plaintiff accepted this offer.

7. That on April 22, 2020, Plaintiff paid $300.00 to settle the subject debt with Insight, and that Insight provided a letter, signed by Collection Manager, James Rivers, stating that "[Insight] has received payment(s) in the amount of $300.00. Upon clearance of payment you are released of all financial responsibility with the above referenced account.

8. That payment cleared for the total amount of $309.00 on April 23, 2020.

9. Upon information and belief, Defendant Brightwater then employed Defendant ARS to collect the subject debt

10. That on or about October 12, 2020, Defendant ARS called Plaintiff and attempted to collect the subject debt.

11. That Defendant ARS thereafter called the Plaintiff's wife in an attempt to collect the subject debt. That during this call, Defendant ARS asked the Plaintiff's wife to confirm the Plaintiff's date of birth and then stated that Plaintiff owed the alleged subject debt.

12. That Defendant ARS thereafter also called Plaintiff's sister, leaving a voicemail for Plaintiff, stating:

    Hello this message is intended for Ryan Einhiple …This is Tiffany Claire calling with the offices of Atlantic Recovery Solutions. I'm calling in regards to paperwork that has been sent over by Brightwater Capital for urgent review and this does need you immediate attention. If you could please have yourself or your authorized representative contact my office immediately, as it is your best interest that you and I speak as soon as possible. Please give me a call at 1-833-502-1266 ext. 136. Unfortunately if I do not hear back from you today, I have to assume that you do not want to resolve this matter. We will need to move forward immediately. Again this is a time sensitive matter that does require your immediate attention. I look forward to receiving your call, thank you and have a great day.

13. That upon learning of the two aforementioned contacts to his family by Defendant ARS, Plaintiff called Defendant ARS and informed them that he already paid the subject debt to Insight and to not contact him or his family members.

14. That Defendant ARS responded that Plaintiff did still owe the debt and that debt collection would continue.

15. That the Defendants continued to report the alleged subject debt on Plaintiff's credit as still due and owing despite the debt being satisfied.

16. The above-described collection conduct by Defendants in their efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

17. These collection actions taken by Defendants, and their collection employees employed by Defendants, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

18. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

19. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

20. Defendants' deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

21. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

22. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692b(2) for disclosing the existence of the alleged debt to Defendant's sister.

    B. Defendants violated 15 U.S.C. § 1692c(b) for communicating with Plaintiff's sister and his wife, both third parties, for reasons other than obtaining location information for the Plaintiff.

    C. Defendants violated 15 § U.S.C. §1692e, 15 § U.S.C. §1692e(2), 15 § U.S.C. §1692e(5), and 15 § U.S.C. §1692e(10) for attempting to a collect a debt Plaintiff did not owe.

    D. Defendants violated 15 § U.S.C. §1692e(8) by reporting the alleged subject debt on Plaintiff's credit as still due and owing.

24. That Defendant Brightwater is vicariously liable for the tortious acts of Defendant ARS described herein pursuant to the laws of agency and otherwise.

25. That as a result of the Defendants' FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 12, 2021

        /s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com